UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

OMAR LEWIS,

    Petitioner,

v.   CAUSE NO. 3:22-CV-943-DRL-MGG

SHERIFF,

    Respondent.

OPINION AND ORDER

Omar Lewis, a prisoner without a lawyer, filed a habeas corpus petition to challenge his pretrial detention at the St. Joseph County Jail pursuant to Case No. 71D03-2209-F6-746 in the St. Joseph Superior Court. Pursuant to Section 2254 Habeas Corpus Rule 4, the court must dismiss the petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

"The appropriate vehicle for a state pre-trial detainee to challenge his detention is § 2241." *Jackson v. Clements*, 796 F.3d 841, 843 (7th Cir. 2015). Exhaustion of state court remedies is not a statutory requirement for habeas petitions filed pursuant to 28 U.S.C. § 2241, but "federal courts nevertheless may require, as a matter of comity, that such detainees exhaust all avenues of state relief before seeking the writ." *United States v. Castor*, 937 F.2d 293, 296–97 (7th Cir. 1991). Judicially-created common-law exhaustion applies when Congress has not clearly required exhaustion via statute. *Gonzalez v. O'Connell*, 355 F.3d 1010, 1015-16 (7th Cir. 2004). To exhaust, a habeas petitioner must "assert his federal claim through one complete round of state-court review, either on

direct appeal of his conviction or in post-conviction proceedings. This means that the petitioner must raise the issue at each and every level in the state court system, including levels at which review is discretionary rather than mandatory." *Lewis v. Sternes*, 390 F.3d 1019, 1025-26 (7th Cir. 2004).

In the petition, Mr. Lewis asserts that he has been detained without bond or a court date and that the trial court held an initial hearing in his absence. In Indiana, speedy trial claims can be raised in an interlocutory appeal. *See Curtis v. State*, 948 N.E.2d 1143 (Ind. 2011); *Dillard v. State*, 102 N.E.3d 310 (Ind. Ct. App. 2018). Further, under Indiana law, "the denial of a motion to reduce bail is a final judgment appealable as of right." *Sneed v. State*, 946 N.E.2d 1255, 1256 n.1 (Ind. Ct. App. 2011) (citing *State ex rel. Peak v. Marion Crim. Ct., Div. One*, 203 N.E.2d 301, 302 (Ind. 1965)). Additionally, under Indiana law, an individual is entitled to a writ of habeas corpus "if he is entitled to his immediate release from unlawful custody." *Love v. State*, 22 N.E.3d 663, 664 (Ind. App. 2014).

Mr. Lewis has not presented his claims at any level of the state courts. According to the petition, he believes that seeking relief from the state court would be ineffective, appearing to reference 28 U.S.C. § 2254(b)(1)(B)(ii). This statutory provision excuses petitioners from the exhaustion requirement if "circumstances exist that render such process ineffective to protect the rights of the [petitioner]." However, he does not explain why he holds this belief, and the allegations in the petition indicate that the trial court has offered Mr. Lewis multiple opportunities to convey his concerns but that he has refused them. Consequently, the court finds that he has not exhausted his available state court remedies.

When dismissing a habeas corpus petition because it is unexhausted, "[a] district court [is required] to consider whether a stay is appropriate [because] the dismissal would effectively end any chance at federal habeas review." *Dolis v. Chambers*, 454 F.3d 721, 725 (7th Cir. 2006). Mr. Lewis filed this habeas petition under Section 2241 rather than under Section 2254, so the statute of limitations set forth in Section 2244(d)(1) does not apply. *See* 28 U.S.C. § 2244(d)(1) (applying the limitations period to petitions "by a person in custody pursuant to a *judgment* of a State court"); *Antonelli v. Warden, U.S.P. Atlanta*, 542 F.3d 1348, 1351 (11th Cir. 2008) ("[P]risoners who seek to collaterally attack a conviction or sentence must satisfy the procedural requisites of § 2254 or § 2255 . . . , but persons challenging detention that is not pursuant to a judgment, or challenging the execution of their sentence, need not."); *Morales v. Bezy*, 499 F.3d 668, 672 (7th Cir. 2007) ("[T]here is no statute of limitations applicable to a federal prisoner's filing a section 2241 petition."); *White v. Lambert*, 370 F.3d 1002, 1008 (9th Cir. 2004) ("If we were to allow White to proceed under 28 U.S.C. § 2241, he would not be subject to the one-year statute of limitations provision of AEDPA, 28 U.S.C. § 2244(d)(1)."). Because dismissing this case will not effectively end Mr. Lewis' chance at habeas corpus review by rendering his claims untimely, a stay is not appropriate for this case.

Pursuant to Section 2254 Habeas Corpus Rule 11, the court must consider whether to grant or deny a certificate of appealability. To obtain a certificate of appealability when the court dismisses a petition on procedural grounds, the petitioner must show that reasonable jurists would find it debatable (1) whether the court was correct in its procedural ruling and (2) whether the petition states a valid claim for denial of a

constitutional right. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Here, there is no basis for finding that jurists of reason would debate the correctness of this procedural ruling or for encouraging him to proceed further in federal court until Mr. Lewis has exhausted his claims in state court.

For these reasons, the court:

(1) DISMISSES without prejudice the petition (ECF 1) pursuant to Rule 4 of the Rules Governing Section 2254 Cases because the claims are unexhausted;

(2) DENIES Omar Lewis a certificate of appealability pursuant to Section 2254 Habeas Corpus Rule 11; and

(3) DIRECTS the clerk to close this case.

SO ORDERED.

November 18, 2022                         *s/ Damon R. Leichty*
                                          Judge, United States District Court